**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) RURAL WATER DISTRICT NO. 5, WAGONER COUNTY, OKLAHOMA,<br><br>Plaintiff,<br><br>vs.<br><br>(1) CITY OF BROKEN ARROW, OKLAHOMA and (2) the BROKEN ARROW MUNICIPAL AUTHORITY,<br><br>Defendants. | ) | Case No. 26-cv-00732-JFJ<br><br>Jury Trial Demanded |

# COMPLAINT

The Plaintiff Rural Water District No. 5, Wagoner County, Oklahoma ("Wagoner-5" or "District") submits the following claims and causes of action against Defendants the City of Broken Arrow, Oklahoma ("City") and the Broken Arrow Municipal Authority ("Authority”):

## Jurisdiction and Venue

1. This is an action to enforce the District's rights under 7 U.S.C. § 1926(b) ("§ 1926(b)" or “Section 1926(b)”) which are enforceable through 42 U.S.C. § 1983 ("§ 1983" or “Section 1983”). This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) because the District seeks redress for the deprivation, under color of state law, of a right secured by an act of Congress.

2. This Court has jurisdiction over the District's claims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and FRCP 57.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The City is an Oklahoma municipality that resides in this judicial district, and the Authority is a public trust

situated and operating in this judicial district. A substantial part of the events and omissions giving rise to the District's claims occurred, and continue to occur, in this judicial district, including within the subdivision known as the Grove located in Tulsa County, Oklahoma.

**Parties**

4. The District is a public rural water district organized and existing under 82 O.S. § 1324.1 et seq. and is a body politic and corporate and an agency of the State of Oklahoma. The District is duly empowered to construct, operate, and maintain a water system and to provide water service both within and beyond its established political boundaries pursuant to 82 O.S. § 1324.10. The District was created by an Order Incorporating and Organizing the District entered by the Board of County Commissioners on or around May 23, 1966, which defined the District's boundaries at that time. On November 12, 2024, an Order Annexing Additional Territory was entered by the Board of County Commissioners which annexed additional land into the District's boundaries. On information and belief, the Grove subdivision described herein was included in this annexation.

5. The City is an Oklahoma municipality that maintains and operates a public water supply system directly and/or through its public trust (the Authority).

6. The Authority is a public trust organized under the laws of the State of Oklahoma, with the City as its beneficiary. The Authority operates and functions on behalf of the City in furnishing, providing, and selling water. The City and Authority are collectively referred to herein as "Broken Arrow."

**Factual Allegations**

**A. The District's Federal Indebtedness and § 1926(b) Protection.**

7. The District is empowered, as a public rural water district, to borrow funds from the federal government. In furtherance of its purpose, the District has in fact borrowed funds from, and remains indebted to, the United States Department of Agriculture ("USDA") based on one or more loans made by and/or guaranteed by the USDA under § 1926(b). The loan proceeds were used to construct, improve, and/or operate water facilities serving the District's territory, and the District's water system and revenues are pledged as security for same.

8. The District has been continuously indebted to the USDA at all times material to this action and remains indebted to the USDA as of the filing of this Complaint. The USDA is a secured creditor of the District.

9. By reason of its indebtedness to the USDA, the District enjoys the protections of § 1926(b). Section 1926(b) provides that "[t]he service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan."

10. To be entitled to the protection of § 1926(b), a water association must (1) have a continuing indebtedness to the USDA, and (2) have provided or made service available to the disputed area. *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir. 2004). The District satisfies both requirements.

11. Section 1926(b) is to be construed liberally to protect USDA-indebted rural water associations from municipal encroachment, and any doubts about whether a water association is entitled to protection from competition under § 1926(b) are to be resolved in favor of the USDA-indebted party seeking protection for its territory. *Pittsburg Cnty.*, 358 F.3d 694.

**B. The Grove and Broken Arrow's Encroachment.**

12. The District has the legal right under Oklahoma law to provide and has provided and/or made water service available to the property/subdivision at issue known as the Grove which is located in Tulsa County, Oklahoma (the "Grove").

13. The Grove lies within the District's service area and within the territory for which § 1926(b) protection has attached. At all relevant times, the District: (1) has had the legal right to provide water service to the Grove, (2) has been indebted to the USDA, and (3) has made water service available to the Grove, i.e., the District has proximate and adequate facilities from which public water supply service can be provided to the Grove within a reasonable time after a request for water service is made to the District.

14. Here, Executive Homes is the developer of the Grove. Executive Homes has not requested water service from the District; however, the District has informed Executive Homes in writing that the Grove is within the District's federally protected service area and that the District is ready, willing, and able to serve the Grove. Upon information and belief, Executive Homes has instead arranged to obtain water service for the Grove from Broken Arrow.

15. The District has offered to serve the Grove and stands ready to serve the Grove within a reasonable time upon receiving a request for water service. Any absence of a formal application to the District results from Broken Arrow's conduct and not from any refusal or inability of the District to serve the Grove.

16. Broken Arrow intends to provide, has taken, and continues to take steps to provide potable water service to the Grove, including the installation of water infrastructure within the District's federally protected service area for which the District is the exclusive water service provider.

17. Broken Arrow's installation of water lines and infrastructure within the District's protected service area and Broken Arrow's intention to furnish, provide, and sell water to the Grove (as expressly stated by Broken Arrow to the District in writing), are in direct competition with the District and such actions have and/or will curtail and limit the water service provided and/or made available by the District in violation of § 1926(b). These actions are direct actions that reduce, and will reduce, the District's customer pool within its protected area.

18. The encroachment prohibited by § 1926(b) is not limited to annexation followed by the initiation of water service. It also encompasses competing franchises, new or additional permit requirements, and other forms of direct action that effectively reduce a water district's customer pool within its protected area. *Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969 (10th Cir. 2011).

19. Broken Arrow's conduct creates a wedge between the District and the potential water customers in the Grove that is anathematic to the protections intended by Congress in enacting § 1926(b). *Eudora*, 659 F.3d 969.

**C. The District's Demand and Broken Arrow's Refusal.**

20. The District has demanded, both orally and in writing, that Broken Arrow cease and refrain from providing, or taking steps to provide, water service to the Grove, and has advised Broken Arrow that the District holds the exclusive right to provide water service to the Grove under § 1926(b).

21. Despite the District's demands, Broken Arrow has refused to cease its encroachment and has continued to install infrastructure within the District's protected service area and has pressed forward with its plans to serve the Grove.

**D. Preemption, Damages, and Conditions Precedent.**

22. Section 1926(b) preempts any local or state law that purports to take away from a USDA-indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b). To the extent any local or state action encroaches upon the services provided and/or made available by the District, that action is invalid under the Supremacy Clause of the United States Constitution. *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir. 2004).

23. As a direct and proximate result of Broken Arrow's wrongful conduct, the District has suffered and will continue to suffer economic loss and damages, including lost net revenue from water sales to the customers in the Grove and lost infrastructure that otherwise would have been dedicated to the District. The District's damages are in an amount to be determined at trial, but in any event exceed $75,000.00, exclusive of interest and costs.

24. All conditions precedent, if any, have been satisfied or waived.

**Count 1 - Violation of § 1926(b) and § 1983**

25. The District incorporates by reference each and every paragraph stated above into each and every paragraph stated hereafter and incorporates each and every allegation made under each Count into all other Counts.

26. To establish a violation under § 1983, the District must show: (1) that Broken Arrow has deprived, or threatens to deprive, the District of a federal right — here, the District's rights under § 1926(b) — and (2) that Broken Arrow acted under color of state law. Section 1926(b) gives rise to a federal right enforceable through § 1983. *Rural Water Dist. No. 1, Ellsworth Cnty., Kansas v. City of Wilson, Kansas*, 243 F.3d 1263 (10th Cir. 2001).

27. The District has a federal right under § 1926(b) to be protected from any competition with, or curtailment or limitation of, the water service it has provided or made available to the customers within its protected service area, including the Grove.

28. Broken Arrow's acts and threatened acts — installing water lines and infrastructure within the District's protected service area and providing or intending to provide and sell water to the Grove in competition with the District — have deprived, and threaten to further deprive, the District of its rights under § 1926(b) by curtailing and limiting the service provided and/or made available by the District.

29. Broken Arrow's actions were and are conducted under color of state law, by virtue of the City's status as a municipality and the Authority's status as a public trust, and by their exercise of governmental and statutory powers to provide water service and to install water infrastructure within the State of Oklahoma.

30. As a direct and proximate result of Broken Arrow's wrongful conduct, the District has suffered actual damages, and is in immediate jeopardy of suffering additional damages, in an amount to be determined at trial in excess of $75,000.00, exclusive of interest and costs.

**Count 2 - Declaratory Judgment**

31. This claim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and other legal relations of the District and Broken Arrow.

32. An actual case or controversy exists between the District and Broken Arrow regarding: (1) Broken Arrow's installation of water infrastructure within and Broken Arrow's intention to provide water service within the District's federally protected service area in competition with the District, (2) Broken Arrow's right, if any (which is denied), to furnish,

provide, or sell water to the customers in the Grove, and (3) the preemption of any Oklahoma state or local laws that would otherwise function to curtail or limit the water service provided and/or made available by the District.

33. The District seeks a declaration that the District holds the exclusive right under § 1926(b) to provide water service to the Grove, that Broken Arrow's acts and threatened acts violate § 1926(b) and § 1983, and that any Oklahoma state or local laws that would otherwise curtail or limit the water service provided and/or made available by the District is preempted and invalid under the Supremacy Clause.

**Count 3 - Permanent Injunction**

34. The District has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and injunctive relief is a proper and necessary remedy for existing and threatened violations of § 1926(b) enforced through § 1983. An injunction is the principal tool employed by the courts to enforce § 1926(b) and prevent violations. *Rural Water Dist. No. 1, Ellsworth Cnty., Kansas v. City of Wilson, Kansas*, 243 F.3d 1263 (10th Cir. 2001).

35. Unless Broken Arrow is permanently enjoined, the District will suffer and continue to suffer irreparable harm through the curtailment and limitation of the water service the District has provided and/or made available within the District's federally protected service area.

36. The District is entitled to a permanent injunction restraining and precluding Broken Arrow and any persons and/or entities on Broken Arrow's behalf, from furnishing, providing, and/or selling water to the Grove, and from competing with, curtailing, and/or otherwise limiting the water service provided and/or made available by the District in any way to the customers within the Grove and any other areas that the District has the exclusive legal right to serve under § 1926(b) and § 1983.

**Count 4 – Equitable Relief: Constructive Trust, Forfeiture, and Transfer of Facilities**

37. Any and all water lines, mains, meters, tanks, pump stations, valves, easements, rights-of-way, and any other facilities acquired, installed, and/or utilized by Broken Arrow to serve the Grove within the District's federally protected service area should be declared to be held in constructive trust for the use and benefit of the District, and should be forfeited and conveyed to the District as part of the equitable relief necessary to facilitate the transition of water service to the District and to eliminate Broken Arrow's unlawful encroachment. Imposition of a constructive trust is warranted because, among other things, it would be inequitable for Broken Arrow to retain facilities obtained through the unlawful encroachments of Broken Arrow. *Rural Water Dist. No. 5 Wagoner Cnty. v. City of Coweta*, 202 F. Supp. 3d 1268 (N.D. Okla. 2016).

**Count 5 – Damages Under § 1926(b) and § 1983**

38. Broken Arrow's acts of installing water infrastructure within the District's protected service area and providing, and/or intending to provide and sell water to the Grove, all in violation of § 1926(b), has caused and will continue to cause the District to suffer economic loss and damages, including lost net revenue and lost infrastructure, in an amount to be determined at trial but in any event exceeds $75,000.00, exclusive of interest and costs.

**Jury Demand**

The District demands a jury trial on all issues and claims triable by jury.

**Conclusion/Prayer**

The District prays that judgment be entered against Defendants, jointly and severally, and that the Court grant the following relief:

1. A declaration that the District holds the exclusive right under § 1926(b) to provide water service to the Grove, and that Broken Arrow's acts and threatened acts of installing

infrastructure within, and providing and/or intending to provide water service within the District's federally protected service area constitutes a violation of the District's rights under § 1926(b) and § 1983;

2. A declaration that any Oklahoma state or local law that would otherwise function to curtail or limit the water service provided or made available by the District is preempted and invalid under the Supremacy Clause of the United States Constitution;

3. A monetary judgment against the Defendants, jointly and severally, for all damages sustained by the District as a result of Defendants' wrongful conduct in an amount to be determined at trial but in any event exceeds $75,000.00, exclusive of interest and costs;

4. A permanent injunction restraining and precluding Defendants, including their agents and representatives, from furnishing, providing, and/or selling water to the Grove and from otherwise competing with, curtailing, and/or limiting the water service provided and/or made available by the District to the customers within the Grove;

5. An order compelling the orderly transition of water service to the Grove from Defendants to the District;

6. A judgment declaring that all water lines, facilities, and other infrastructure acquired, installed, and/or utilized by Defendants to serve the Grove within the District's federally protected service area are held in constructive trust for the use and benefit of the District, and ordering the forfeiture and conveyance of such water lines, facilities, and other infrastructure to the District;

7. An award of the District's reasonable attorneys' fees, costs, and expenses incurred in this action as allowed by law, including 42 U.S.C. § 1988 and any other applicable authority;

8. An award of prejudgment and post-judgment interest as allowed by law; and

9. Such other and further relief as the Court deems just and equitable or for which the District is entitled based on the facts, law, and/or evidence.

Respectfully submitted,

/s/ *S. Max Harris*
Steven Massey Harris, OBA #3913
S. Max Harris, OBA #22166
**Doyle Harris Davis & Haughey**
2419 East Skelly Drive
Tulsa, OK 74105
(918) 592-1276
(918) 592-4389 (F)
steve.harris@1926bLaw.com
max.harris@1926bLaw.com
**Attorneys for Plaintiff**

1336-19:mh